### UNITED STATES of America, Plaintiff—Appellee,

v.

### Luis Armando MORALES–CASTRO, Defendant—Appellant.

### No. 05–10163.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 25, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald C. Rachow, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael D. Powell, Esq., Federal Public Defender's Office, Las Vegas, NV, Cynthia S. Hahn, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: GOODWIN, REINHARDT and BEA, Circuit Judges.

## MEMORANDUM **

Luis Armando Morales–Castro appeals from the 54–month sentence imposed following his guilty-plea conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Morales–Castro contends that the district court erred by adding one criminal history point to his criminal history score based on his prior Nevada DUI conviction because the Nevada DUI statute is overbroad under *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and the government failed to provide proper documentation of that conviction. Both of these contentions are foreclosed by existing case law. *See United States v. Ellsworth,* 456 F.3d 1146, 1152 (9th Cir.2006) ("The *Taylor* problem does not arise when dealing with such criminal history facts because they are independent of the nature of the underlying offense."); *see also United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998) (holding that the district court did not err in finding that the defendant had been convicted of certain misdemeanors for purposes of assigning criminal history points where the only evidence of those convictions was the presentence report and defendant did not deny the factual accuracy of the presentence report).

■ Morales–Castro also contends that his 54–month sentence is unreasonable because the district court refused to reduce

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

his sentence to account for the "unwarranted" sentencing disparities caused by the lack of fast-track systems in some districts. This contention is foreclosed by *United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.2006) (concluding that "the disparity between Appellants' sentences and the sentences imposed on similarly situated defendants who are not prosecuted in fast-track districts is not unwarranted").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.